# United States District Court

Middle District of North Carolina
Post Office Box 2708
Greensboro, North Carolina 27402

John S. Brubaker, Clerk          April 2, 2004          TELEPHONE:
CIVIL (336) 332-6030
CRIM. (336) 332-6020
ADMIN. (336) 332-6000

U. S. District Court
John W. McCormack Post Office & Courthouse
90 Devonshire Street
Boston, Massachusetts 02109

04-10733 DPW
MAGISTRATE JUDGE Alexander

Dear Sir:

RE: CAROLE PRICE V. LEASECOMM CORPORATION - 1:03CV685

An order has been entered in this Court transferring this case to your district. Enclosed are the following:

1. Certified copy of Order transferring action.

2. Certified copy of docket entries.

3. All parties and documents filed to date in this court.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

JOHN S. BRUBAKER, CLERK

By: _____
Deputy Clerk

jw

Enclosures

```
                                                            18AG    CLOSED
                    U.S. District Court
         Middle District of North Carolina (Durham)

         CIVIL DOCKET FOR CASE #: 03-CV-685
```

PRICE v. LEASECOMM CORP., et al                    Filed: 07/16/03
Assigned to: CHIEF JUDGE N. C. TILLEY, JR.   Jury demand: Plaintiff
Demand: $0,000                               Nature of Suit:  190
Lead Docket: None                            Jurisdiction: Diversity
Dkt # in State Court : is 03CVS369

Cause: 28:1332 Diversity-Breach of Contract


CAROLE PRICE                          JANET KNIGHT LEDBETTER
dba                                   [COR LD NTC]
HOMETOWN COMPUTERS                    POB 1108
     plaintiff                        HILLSBOROUGH, NC 27278
                                      919-732-5741


     v.


LEASECOMM CORPORATION                 WILLIAM C. MAYBERRY
     defendant                        [COR LD NTC]
                                      HELMS MULLISS & WICKER, P.L.L.C
                                      POB 31247
                                      CHARLOTTE, NC 28231-1247
                                      704-343-2000

                                      HENRY L. KITCHIN, JR.
                                      [COR LD NTC]
                                      HELMS MULLISS & WICKER, PLLC
                                      127 GRACE ST.
                                      WILMINGTON, NC 28401
                                      910-254-3800


CARDSERVICE INTERNATIONAL
     defendant
     [term  08/27/03]


CHAD HENDERSON
     defendant
     [term  08/27/03]

Docket as of April 2, 2004 9:04 am                      Page 1

*A True Copy*
*Teste:*
*John S. Brubaker, Clerk*
*By: [signature]*
*Deputy Clerk*

```
Proceedings include all events.                                    18AG
1:03cv685 PRICE v. LEASECOMM CORP., et al                          CLOSED
```

| | | |
|---|---|---|
| 7/16/03 | -- | **Case assigned to Magistrate Judge Eliason. AO Code 18AG (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | NOTICE OF REMOVAL by defendant Leasecomm Corp. from Orange County Superior Court; FILING FEE $150.00 RECEIPT #78300 (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | COMPLAINT filed in State Court on 3/14/03; jury demand (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | SUMMONS issued by State Court on 3/14/03 for LEASECOMM CORP., CARDSERVICE INT. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | MOTION by LEASECOMM CORP. to Extend Time to answer or otherwise respond to the complaint for 30 days filed in State Court on 4/2/03. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | ORDER filed in State Court on 4/4/03 granting [1-1] motion to Extend Time to answer or otherwise respond to the complaint for 30 days. [EOD Date 7/18/03] (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | MOTION filed in State Court on 5/19/03 by LEASECOMM CORP. to Dismiss. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | MOTION filed in State Court on 6/4/03 by CAROLE PRICE for Entry of Default as to LEASECOMM CORP. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | ORDER filed in State Court on 6/4/03 denying [1-1] motion for Entry of Default as to LEASECOMM CORP. [EOD Date 7/18/03] (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | AFFIDAVIT OF SERVICE as to LEASECOMM CORP. on 3/18/03 by certified mail returned receipt. Filed in State Court on 6/4/03. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | AFFIDAVIT OF SERVICE as to CARDSERVICE INT. on 3/17/03 by certified mail returned receipt. Filed in State Court on 6/4/03. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | RESPONSE filed in State Court on 6/4/03 by CAROLE PRICE to [1-1] motion to Dismiss by LEASECOMM CORP. (cm) [Entry date 07/18/03] |
| 7/16/03 | 1 | AMENDED RESPONSE by CAROLE PRICE to [1-1] motion to Dismiss by LEASECOMM CORP. (cm) [Entry date 07/18/03] |
| 7/16/03 | -- | Notice of Right to Consent 28 USC 636(c)(2) (cm) [Entry date 07/18/03] |
| 7/16/03 | -- | CASE SELECTED FOR MEDIATION (cm) [Entry date 07/18/03] |

```
Docket as of April 2, 2004 9:04 am                              Page 2
```

```
Proceedings include all events.                                    18AG
1:03cv685 PRICE v. LEASECOMM CORP., et al                          CLOSED
```

| | | |
|---|---|---|
| 8/27/03 | 2 | STIPULATION of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(ii) of the FRCvP as to Cardservice International and Chad Henderson only. (cm) [Entry date 08/29/03] |
| 9/11/03 | -- | Motion submission: [1-1] motion to Dismiss submitted to Judge Tilley (sb) |
| 12/1/03 | 3 | AMENDED MOTION by LEASECOMM CORP. to Dismiss for improper venue, or, in the alternative to Transfer this action to the U.S. District Court for the District of Massachusetts (kw) |
| 12/1/03 | 4 | BRIEF with Exhibits by LEASECOMM CORP. in support of [3-1] motion to Dismiss for improper venue by LEASECOMM CORP., [3-2] motion to Transfer this action to the U.S. District Court for the District of Massachusetts by LEASECOMM CORP. (kw) |
| 12/1/03 | 5 | AFFIDAVIT with attachments of CAROL SALVO by LEASECOMM CORP. in support of [3-1] motion to Dismiss for improper venue by LEASECOMM CORP., [3-2] motion to Transfer this action to the U.S. District Court for the District of Massachusetts by LEASECOMM CORP. (kw) |
| 12/18/03 | 6 | JOINT OPPOSITION by CAROLE PRICE to [3-1] motion to Dismiss for improper venue by LEASECOMM CORP., [3-2] motion to Transfer this action to the U.S. District Court for the District of Massachusetts by LEASECOMM CORP. (jw) [Entry date 12/19/03] |
| 12/18/03 | 7 | MEMORANDUM OF LAW by CAROLE PRICE in support of [6-1] response (jw) [Entry date 12/19/03] |
| 12/30/03 | -- | Motion submission: [3-1] motion to Dismiss for improper venue submitted, [3-2] motion to Transfer this action to the U.S. District Court for the District of Massachusetts submitted to Judge Tilley (sb) |
| 1/6/04 | 8 | REPLY BRIEF by LEASECOMM CORP. to response to [3-1] motion to Dismiss for improper venue by LEASECOMM CORP., [3-2] motion to Transfer this action to the U.S. District Court for the District of Massachusetts by LEASECOMM CORP. (jw) [Entry date 01/07/04] |
| 3/31/04 | 9 | MEMORANDUM OPINION signed by CHIEF JUDGE N. C. TILLEY JR. re: Deft's motion to dismiss or, in the Alternative, to Transfer. Ccs dist. [EOD Date 3/31/04] (jw) |

```
Proceedings include all events.                                    18AG
1:03cv685 PRICE v. LEASECOMM CORP., et al                          CLOSED

3/31/04    10      ORDER signed by CHIEF JUDGE N. C. TILLEY JR. for the
                   reasons set forth in a contemporaneously filed Memorandum
                   Opinion, the Deft's motion to dismiss is DENIED. The Deft's
                   alternative motion to transfer to the US District Court for
                   the District of Massachusetts is GRANTED. Ccs dist. [EOD
                   Date 3/31/04] (jw)

3/31/04    --      CASE CLOSED.      Closing Code 10 (jw)

4/2/04     --      Certified copy of Order and Memorandum transferring action;
                   Certified copy of docket entries; All parties and documents
                   filed to date in this court to the US Dist. Court of
                   Massachusetts. (jw)
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAROLE PRICE d/b/a           )
HOMETOWN COMPUTERS,          )
                             )
            Plaintiff,       )
                             )
v.                           )      1:03CV685
                             )
LEASECOMM CORPORATION,       )
                             )
            Defendant.       )
_____)



ORDER

TILLEY, Chief Judge

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer. [Doc. #3]. For the reasons set forth in a contemporaneously filed Memorandum Opinion, the Defendant's Motion to Dismiss is DENIED. The Defendant's alternative Motion to Transfer to the United States District Court for the District of Massachusetts is GRANTED.

This the 31st day of March, 2004.

United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAROLE PRICE d/b/a
HOMETOWN COMPUTERS,

      Plaintiff,

v.

LEASECOMM CORPORATION,

      Defendant.

1:03CV685

FILED
MAR 31 2004
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By ___

MEMORANDUM OPINION

TILLEY, Chief Judge

     This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer. [Doc. #3]. For the reasons set forth below, the Defendant's Motion to Dismiss will be DENIED. The Defendant's alternative Motion to Transfer to the United States District Court for the District of Massachusetts will be GRANTED.

I.

     At the time this dispute arose, Plaintiff Carole Price was the sole proprietor of a business known as Hometown Computers. Hometown Computers, which has since gone out of business, was located in Hillsborough, North Carolina. Defendant Leasecomm Corporation ("Leasecomm") is a third-party finance lessor of business equipment which is both incorporated in, and has its principal place of business in Massachusetts. Leasecomm is in the business of providing financing to commercial

entities who wish to lease business equipment. As such, it provides standard lease forms to vendors nationwide. The vendors, in turn, offer these lease forms to clients interested in obtaining finance leases for their equipment purchases.

In March of 2001, Ms. Price contacted Cardservice International ("Cardservice") about purchasing a mobile credit card processing unit for use in her business. She spoke with Cardservice's sales representative Chad Henderson who recommended a particular unit called the Linkpoint 9000. Although Mr. Henderson provided Ms. Price with the paperwork involved in leasing the unit, the lease was actually through Leasecomm. Ms. Price used the standard lease forms that Leasecomm had already provided to Cardservice and that had been provided to her by Mr. Henderson. Ms. Price did not negotiate directly with Leasecomm and maintains that Cardservice did not offer her the option of working with any other leasing company.

On March 7, 2001, Ms. Price executed Leasecomm's Non Cancellable Commercial Lease Agreement ("the Agreement"). She returned the form to Cardservice along with a down payment, and Cardservice forwarded these items to Leasecomm in Massachusetts. Leasecomm counter-executed the Agreement on March 20, 2003 and mailed it back to North Carolina. The Agreement provided not only that Massachusetts law would govern interpretation of the Agreement, but also that Massachusetts would be the exclusive forum for any action arising out of the Agreement. Finally, the Agreement stated that neither the supplier of the

equipment, nor any salesperson, was an agent of Leasecomm with power to affect the lease terms.

Ms. Price was not pleased with the performance of the Linkpoint 9000. In particular, Ms. Price believed that Mr. Henderson had misrepresented the machine's ability to work across the state of North Carolina. She contacted both Cardservice and Leasecomm for help but was not satisfied with the responses she received. Despite her ongoing complaints, Leasecomm maintained that it had made no warranties as to the machine's performance and continued to draft lease payments from Ms. Price's bank account. When Ms. Price closed her bank account to avoid further bank drafts by Leasecomm, Leasecomm reported her to various credit bureaus for non-payment.

Ms. Price brought suit against Cardservice, Mr. Henderson, and Leasecomm in the Superior Court of Orange County on March 14, 2003. The Complaint listed several state law causes of action, including violations of the Uniform Commercial Code, unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1, and damage to credit reputation. The Complaint also alleged a violation of the Truth in Lending Act, 15 U.S.C. § 1667, based on Leasecomm's failure to disclose the amount of interest that would be charged under the lease.

The Defendants removed the action to this Court on July 16, 2003, citing diversity jurisdiction. Shortly thereafter, Ms. Price voluntarily dismissed her claims against Cardservice and Mr. Henderson. Leasecomm, the only remaining Defendant,

3

filed a Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue to the United States District Court for the District of Massachusetts.

II.

Leasecomm bases its Motion to Dismiss or Transfer on the language of the Agreement's forum clause. Leasecomm argues that the forum clause clearly and specifically requires all claims arising out of the contract to be brought in the courts of Massachusetts. Ms. Price argues that the Agreement, and the forum clause in particular, is unenforceable because it is unconscionable. The language of the forum clause is as follows:

> The Parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the laws of the Commonwealth of Massachusetts. They further consent and submit to the jurisdiction of the Courts of the Commonwealth of Massachusetts and expressly agree to such exclusive forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder, and expressly waive any objection to venue in any such Courts and waive any right to a trial by jury . . . .

This language is typed in the same size font as the other "small print" details on the front of the form agreement, but is underlined and in bold print. The language is followed by a paragraph stating that the lessee has read and agrees to abide by the terms of the Agreement. Ms. Price's signature appears as lessee below this paragraph.

The Agreement also references the use of Massachusetts law in the section entitled "Personal Guarantor." Because Ms. Price signed the Agreement both as owner of her company and as a personal guarantor of the lease, she signed her

4

name again beneath the Personal Guarantor section. The Personal Guarantor section is a one paragraph description of the guaranty relationship that concludes with the following language:

> The undersigned specifically understands and also agrees with the bold, underlined provision stated above submitting and consenting to the laws and jurisdiction of the Commonwealth of Massachusetts for any action whatsoever arising out of this lease.

The choice of forum language is again in a small font, but underlined and in bold print. Ms. Price's signature as guarantor in her personal capacity is found directly beneath this language.

A.

Leasecomm argues that this action should be dismissed because the forum selection clause, enforceable under both North Carolina and Massachusetts law,[1] states that Massachusetts is the exclusive forum for any action arising out of the Agreement. Although Leasecomm did not specify its grounds, it is presumably asking for a dismissal on the basis of improper venue pursuant to Rule 12(b)(3).[2] However, because venue is proper in this District, Leasecomm's Motion to Dismiss will be DENIED.

---

[1] Both North Carolina and Massachusetts honor forum selection clauses when fair and reasonable to do so. See e.g., Perkins v. CCH Computax, Inc., 333 N.C. 140, 146, 423 S.E.2d 780, 784 (1992); Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122 (2000).

[2] The Motion to Dismiss that Leasecomm filed in state court listed North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(3), but the Amended Motion filed in this Court does not specify the provisions under which it seeks dismissal.

5

The venue for actions brought in state court and later removed to federal court is governed by 28 U.S.C. § 1441(a), and not the general venue rules found in 28 U.S.C. § 1391. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953); Quick v. Coale, Cooley, Lietz, McInerny & Broadus, P.C., 212 F.R.D. 299, 301 (M.D.N.C. 2002). Accordingly, any determination as to whether the federal court would have been the appropriate court in which to originally institute the suit is irrelevant and unnecessary. Polizzi, 345 U.S. at 666.

Venue is proper under 28 U.S.C. § 1441(a) if the case is removed from the state court to the federal district court "embracing the place where such action is pending." Ms. Price brought suit in the Superior Court of Orange County, North Carolina. While that action was pending, the Defendants removed the action to this Court. Because the Middle District of North Carolina includes Orange County pursuant to 28 U.S.C. § 113(b), this Court is the proper venue for this action. Therefore, Leasecomm's Motion to Dismiss will be DENIED.

B.

Leasecomm argues that, in the event this case is not dismissed, it should be transferred to the United States District Court for the District of Massachusetts. Under 28 U.S.C. § 1404(a), a Court may transfer an action to another district where it might have been brought originally if it is in the interest of justice to do so. There is no dispute that this action might have been brought in the District of Massachusetts. Because Leasecomm is incorporated in Massachusetts, and has its

6

principal place of business there, venue is proper in Massachusetts pursuant to 28 U.S.C. § 1391(a)(1). What the parties dispute is whether a transfer of venue in this case would be in the interest of justice.

Courts may transfer an action to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Ordinarily the burden to show that a transfer of venue would be in the interest of justice is on the party seeking the transfer. Cable-La, Inc. v. Williams Communications, Inc., 104 F. Supp. 2d 569, 574 (M.D.N.C. 1999). However, a valid forum selection clause shifts the burden from the party seeking transfer to the party opposing enforcement of the clause. Id. The party opposing enforcement of the clause must then provide "exceptional facts" which demonstrate that enforcing the clause would be unjust or unreasonable. Id.

1.

In order for the forum selection clause to shift the burden of proof, the clause must first be found valid. In the context of a motion to transfer under 28 U.S.C. § 1404(a), the validity of a forum selection clause is determined with reference to federal law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253 (4th Cir. 1991). Under Fourth Circuit law, the clause is presumed enforceable unless there is a clear showing that the clause is unreasonable. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). Choice of forum clauses may be found unreasonable if:

>(1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Id.

The first factor, whether acceptance of the clause was the result of fraud or overreaching, leans against a finding of unreasonableness. The party seeking to avoid enforcement of the clause may not succeed by alleging fraud in the inducement to sign the contract itself. Instead, she must show that the inclusion of that particular clause was the product of fraud or coercion. Sherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974); see also Allen, 94 F.3d at 928 (agreeing without discussion that district court properly found no evidence of fraud where there was no fraud in the inclusion of the forum clauses).

Ms. Price has not alleged any fraud in the inclusion of the forum selection or the choice of law clauses. She instead objects to her inability to negotiate the terms of the form lease agreement and claims that the parties' unequal bargaining power permitted Leasecomm to include several unconscionable clauses in the Agreement. While she may have felt pressure to lease the Linkpoint 9000 from Leasecomm, as opposed to borrowing the money from her bank, she has not alleged fraud in the inclusion of the forum clauses.

Ms. Price signed the Agreement in two places, both times in very close proximity to the forum selection language. The language was in bold print and

8

underlined. She, as a prudent businesswoman, could have read the forum selection clause and foreseen the possibility of travel to Massachusetts. An inability to negotiate the terms of a form contract is not sufficient to invalidate an otherwise reasonable forum selection clause. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (upholding a non-negotiated forum selection clause in passenger's cruise ticket where the defendant corporation had a reasonable basis for selecting that forum).

The second factor in determining whether a forum selection clause is unreasonable is similar to a determination of whether a transfer of venue is in the interest of justice. However, a party seeking to avoid a forum selection clause must prove more than the inconvenience of litigating in a distant forum. Instead, she must prove that a transfer would be so inconvenient that it would effectively deny her day in court. Ms. Price has not done so.

Ms. Price lives in North Carolina and would have to travel to Massachusetts to litigate this matter. As of her reply to Leasecomm's motion on December 2003, Ms. Price was unemployed and had financial limitations. She also lists various health problems which compound the difficulties of travel, including obesity, high blood pressure, and phlebitis. While there is little doubt that traveling to Massachusetts would be inconvenient for Ms. Price and any witnesses she may have, there is also little doubt that it would be inconvenient for Leasecomm employees and witnesses to travel here. Ms. Price has failed to show the extraordinary circumstances

required to transfer of this action.

The third factor, unfairness of the chosen law, is inapplicable in this case. First, Ms. Price has not provided any indication that Massachusetts law would be unfair to apply in this case. Further, Massachusetts law would govern the parties' dispute even if the Agreement had not addressed forum and choice of law. If this Court retained the case, sitting in diversity, it would apply the laws of North Carolina, including its choice of law rules. Fried v. N. River Ins. Co., 710 F.2d 1022 (4th Cir. 1983). North Carolina courts determine the applicable state law by looking to the state in which the contract was made. Tanglewood Land Co., Inc. v. Byrd, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980).

Under North Carolina law, a contract is formed where the final act of acceptance takes place. See Goldman v. Parkland of Dallas, Inc., 277 N.C. 223, 176 S.E.2d 784 (1970) (finding that signing a contract and returning it by mail was the final act of acceptance). The final act of acceptance of the contract at issue, Leasecomm counter-signing the Agreement, took place in Massachusetts. Therefore, were this Court to keep the case, Ms. Price's state law causes of action would be governed by Massachusetts law regardless of any choice of law clause. There is no evidence that Leasecomm's inclusion of the clause is unjust.

Finally, addressing the fourth factor, Ms. Price argues that enforcing the forum selection clause would be contrary to North Carolina public policy as set forth in N.C. Gen. Stat. § 22B-3 and § 22B-10. Ms. Price argues that violations of North

Carolina law make the entire Agreement unconscionable and in violation of the public policy of the forum state. Because North Carolina law gives courts the discretion to refuse to enforce any part of an unconscionable lease contract, N.C. Gen. Stat. § 25-2A-108(1), Ms. Price asks this Court to strike the forum selection clause as unconscionable.

The first violation of North Carolina law Ms. Price cites is the forum selection clause itself, both its existence and its lack of conspicuousness. North Carolina law prohibits all contracts entered into in North Carolina from including contract provisions requiring all disputes to be adjudicated outside the state. N.C. Gen. Stat. § 22B-3. However, the statute only applies to contracts entered into in North Carolina and the contract at issue in this dispute was entered into in Massachusetts. Key Motorsports, Inc. v. Speedvision Network, L.L.C., 40 F. Supp. 2d 344, 349 (M.D.N.C. 1999) (finding N.C. Gen. Stat. § 22B-3 inapplicable where contract negotiated in North Carolina was counter-signed in another state).

Not only does North Carolina law not prohibit the forum selection clause at issue, the clause was not inconspicuous. Under North Carolina law, a clause is inconspicuous if it does not give "reasonable notice" to the person against whom it is to operate. See N.C. Gen. Stat. § 25-1-201(10). Language in the body of a contract that is in larger or "contrasting type or color" is conspicuous. Id. The forum selection language was found in two places on the front page of the Agreement, both times in bold print and underlined. Although Ms. Price claims that

she received a blurry faxed copy of the Agreement at some point, she formally signed a clear photocopy. While the font used in the forum selection clause could certainly have been made larger, it was noticeably different from the rest of the text and is not inconspicuous as a matter of law.

Finally, Ms. Price argues that the Agreement violates North Carolina public policy because it purported to waive Ms. Price's right to a jury trial. See N.C. Gen. Stat. § 22B-10 (provisions waiving jury trials are unconscionable as a matter of law). However, this allegation need not be addressed at this time. Even if this Court were to find this provision unconscionable, it would not have to strike the entire forum selection clause in order to strike the jury waiver provision. See N.C. Gen. Stat. § 25-2A-108(1).

2.

Because the forum selection clause was not unreasonable, and therefore is valid, the burden shifts to Ms. Price to show an extraordinary reason why this court should not enforce the Agreement. Ms. Price has not made such a showing, and Leasecomm's Motion to Transfer will be GRANTED.

In order to avoid enforcement of the forum selection clause, Ms. Price relies on a settlement agreement and consent order entered into between Leasecomm and the Federal Trade Commission. On May 22, 2003, the United States District Court for the District of Massachusetts entered a Stipulated Final Judgment and Order settling an action against Leasecomm by the Federal Trade Commission. The Order

was entered into without any adjudication of law or fact. As part of that Order, Leasecomm is now prohibited from instituting collection suits against customers in a distant forum. However, the Order does not address the type of forum selection provision involved in the instant case, and is not relevant to a determination of the transfer of this action.

III.

For the reasons stated, venue is proper in this Court and the Defendant's Motion to Dismiss will be DENIED. The Defendant's alternative Motion to Transfer to the United States District Court for the District of Massachusetts will be GRANTED.

This the 31st day of March, 2004.

United States District Judge

A True Copy
Teste:
J. C. Brubaker, Clerk
By:
Deputy Clerk

13